NAZERA HADDAD ET UX. v. PUBLIC SERVICE RAILWAY
COMPANY.

Decided October 7, 1925.

**Negligence—Accident in Alighting From Trolley Car Through
Sudden Starting of Car—Verdict Not Excessive—Judge Did
Not Charge Regarding Testimony Which Had Been Stricken
Out, But With Reference to Testimony of Another Which
Had Been Admitted Without Objection.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the rule, *Leonard J. Tynan.*

*Contra, William W. Evans.*

PER CURIAM.

The female plaintiff, while alighting from a trolley car of
the defendant company, was thrown to the ground by the
alleged negligent starting of the car. The suit was brought
by herself and husband to recover compensation for the in-
juries to her and for the expenses incurred by him; as well as
compensation for the loss of her society. The jury awarded
the wife $2,500 and the husband $500. The liability of the
defendant company was admitted at the trial.

We are asked to set aside these verdicts upon the ground
that they are excessive because of the fact that they were based
to some extent upon illegal testimony given by a medical ex-
pert, one Dr. Willis, who was called by the plaintiff. It is
asserted by counsel that although this illegal testimony was
stricken out it was subsequently referred to by the court in
the charge to the jury as a matter to be considered in fixing
the damages. The basis of this contention is contrary to the

fact. Dr. Willis, having testified that his examination disclosed that the woman was suffering from retroversion of the uterus expressed the opinion that this condition was probably due to the accident. Upon motion of defendant's counsel this expression of opinion was struck out. The doctor further testified that in order to restore the woman to her former health she would have to undergo an operation. At the close of the case the court, in dealing with the question of damages, used the following language in the charge to the jury: "There is testimony tending to show that in order to cure herself of the ills which she alleges she suffers as a result of the accident it will be necessary for her to undergo an operation, and if that be true, of course, she would be entitled to a reasonable compensation for any pain or suffering which she would be obliged to undergo by virtue of that operation, and, further, if that operation was necessary, and was undergone, the husband would be entitled to compensation for that expense." This instruction, which is the subject of counsel's criticism, is not based at all upon the expression of opinion by the physician as to the probable cause of the woman's condition, but upon the testimony which she had afterwards given, which was admitted without objection, and the competency of which is not challenged.

The only other ground for making this rule absolute which has been argued before us is that the evidence did not justify the jury in concluding that the woman's condition, that is, the retroversion of the uterus, was due to the accident. There was evidence supporting this finding and we cannot say that the proofs to the contrary were of such a character as to justify us in setting aside the verdict on the ground that it was contrary to the weight of the evidence in this respect.

The rule to show cause will be discharged.